UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO ANDRES VELÁSQUEZ MENDOZA | § § § § § § | CASE NO. _____ |
| v. | § § § § | |
| JEFFERSON BEAUREGARD SESSIONS III, in his capacity as | § § § § § | § DOJ FILE NO. A204 333 331 |
| UNITED STATES ATTORNEY GENERAL | § § § | |

PETITION FOR WRIT OF HABEAS CORPUS
AND FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Armando Velásquez ("Plaintiff"), by and through Yalila Guerrero,

his attorney, and for cause of action would show the Court the following:

This is an action to challenge Plaintiff's order of deportation in violation of

the Immigration and Nationality Act, implementing regulations, and the

Constitution of the United States.

1

2

## I. THE PARTIES

Plaintiff is a twenty four year old male, native and citizen of Mexico. Plaintiff is currently in the custody of the U.S. Bureau of Immigration and Customs Enforcement's Houston Field Office.

Plaintiff applied for asylum before the immigration judge in Houston, Texas. Plaintiff's application was denied and Plaintiff was ordered removed from the U.S. on February 7, 2018.  The Board of Immigration Appeals dismissed his appeal on May 25, 2018. A copy of the BIA decision is attached as Exhibit 1.

Plaintiff's removal is imminent.

Plaintiff is a "Dreamer" with a pending application for relief pursuant to the Deferred Action for Childhood Arrivals program.  A copy of the filing receipt for this application is attached as Exhibit 2.

Defendant Jefferson Beauregard Sessions III is the Attorney General of the United States.  He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice.  8 USC § 1103(g).

More specifically, the Attorney General is responsible for the apprehension and detention of aliens alleged to be unlawfully present in this country, as well as the conduct of proceedings to compel their expulsion.

3

## II. JURISDICTION

Jurisdiction in this case is proper pursuant to Article 1, Section 9, Clause 2, of the United States Constitution, 28 USC § 2241(c) (the codification of the Great Writ), 28 U.S.C. § 1651 (All Writs Act) and 28 USC § 1331 (federal question jurisdiction) as set forth below.

Authority to grant the requested injunctive relief in cases otherwise within the Court's jurisdiction is conferred by 28 USC § 2201(a).

As noted above, authority to grant the requested injunctive relief in cases otherwise within the Court's jurisdiction is conferred by 28 USC § 2201(a).

## III. VENUE

Venue is proper in this Court pursuant to 28 USC 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where Plaintiff is currently held and where his removal proceedings took place.  See n. 4,  *Steele v. Blackman*, 236 F.3d 130 (3rd Cir. 2001).

## IV. EXHAUSTION OF REMEDIES

Plaintiff has no administrative or legal remedies to challenge the order of removal against him.  8 CFR § 241.8.

4

## V. CAUSE OF ACTION

Plaintiff is a twenty four year old male, native and citizen of Mexico. Plaintiff was born in Mexico City, Mexico on October 2, 1993.

On November 5, 2015, Plaintiff was convicted in Montgomery County, Texas of possession of 2 ounces or less of Marijuana. The judgement adjudicating guilt is attached as Exhibit 3.

Subsequent to that conviction, the Government initiated removal proceedings against Plaintiff, alleging that Plaintiff entered the U.S. without inspection at an unknown place and time. Plaintiff applied for asylum and the application was denied on February 7, 2018. The decision was timely filed, but appeal was dismissed by the Board of Immigration Appeals on May 25, 2018. Plaintiff has exhausted his administrative remedies.

Plaintiff has pending an application for relief under the Deferred Action for Childhood Arrivals ("DACA") program. The instructions implementing DACA specifically instruct DOJ to stay execution of removal orders against DACA applicants for a period of two years. Implementing memo dated June 15, 2012 attached as Exhibit 4. See page 2, numbered paragraph 2.

5

## Conclusion

Based on the foregoing, Plaintiff has demonstrated that his continued detention and his imminent removal in direct contridiction to the implementing instructions, in violation of the law and of Plaintiff's due process right to adjudication of his DACA application. The decision on the DACA petition will determine whether Plaintiff can be deported from the U.S. or not, and Plaintiff thus has a liberty interest in the adjudication of his claim.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1) That the Court enjoin Defendant from executing his removal order pending adjucation of Plaintiff's DACA application;

1) That the Court order Plaintiff's release from custody under such reasonable conditions as Defendant may impose.

2) Plaintiff prays for such other relief as the Court in equity might grant.

Respectfully submitted,

Yalila Guerrero
Attorney for Plaintiff
440 Louisiana St., Ste. 1550
Houston, Texas 77002
(713)862-7997
Fax: (713)862-8803

6

## VERIFICATION

COMES NOW, Salvador Colón, before me the undersigned authority, known to me to be the person stated, and under oath does state the following:

"My name is Yalila Guerrero.  I swear that I am Counsel of Record for the Plaintiff in the instant case, who is presently in the custody of the Houston, Texas Field Office of the U.S. Bureau of Immigration and Customs Enforcement.  I hereby affirm that I have read the foregoing petition, and that everything contained therein is true and correct to the best of my personal knowledge and/or information and belief after reasonable inquiry, and that the requested injunctive relief is warranted to prevent irreparable injury to Plaintiff."

YALILA GUERRERO

SWORN TO and subscribed before me this 12 day of June, 20 18 .

NOTARY PUBLIC in and for the STATE OF TEXAS

MELISSA GARCIA
My Commission Expires
September 23, 2018

*Exhibit 1*

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A204 333 331 – Houston, TX

Date:   MAY 2 5 2018

In re:  Armando Andres VELAZQUEZ MENDOZA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Yalila E. Guerrero, Esquire

APPLICATION:   Asylum; withholding of removal; Convention Against Torture

The respondent, a native and citizen of Mexico, appeals the Immigration Judge's February 7, 2018, decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.  *See* sections 208 and 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. §§ 1208.13, 1208.16-1208.18.   The appeal will be dismissed.

We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

The respondent argues on appeal that he will be harmed in Mexico because "of his prior drug convictions and because of his status as a deportee," but he has not indicated how the Immigration Judge erred (Resp. Br. at 5). The Immigration Judge considered the respondent's testimony and arguments regarding his experiences. We affirm the Immigration Judge's decision, which includes a finding, not challenged on appeal, that the respondent has not demonstrated that he timely filed an application for asylum nor established that such tardy filing is legally excused (IJ at 1-2). *See* section 208(a)(2)(D) of the Act; 8 C.F.R. §§ 1208.4(a)(4) and (5). The respondent's claim was speculative and he did not show past persecution or a clear probability of future persecution on account of a protected ground (IJ at 2-3). Thus, he has not met his burden to show he is eligible for withholding of removal. *See* section 241(b)(3) of the Act; 8 C.F.R. § 1208.16 (2007); *INS v. Stevic*, 467 U.S. 407 (1984). Furthermore, the respondent did not establish that he would more likely than not be tortured in Mexico upon his return (IJ at 2). 8 C.F.R. § 1208.16(c)(2).

Accordingly, the appeal will be dismissed.

ORDER:   The appeal is dismissed.

FOR THE BOARD

*Exhibit 2*

Department of Homeland Security
U.S. Citizenship and Immigration Serv                        I-797C, Notice of Action

---

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| | |
|---|---|
| NOTICE TYPE<br>Receipt | NOTICE DATE<br>March 14, 2018 |
| CASE TYPE<br>I-821D, Consideration of Deferred Action for Childhood Arrivals | USCIS ALIEN NUMBER<br>A204333331 |
| RECEIPT NUMBER<br>IOE0904229916 | RECEIVED DATE<br>March 09, 2018 | PAGE<br>1 of 1 |
| | | DATE OF BIRTH<br>October 02, 1993 |

ARMANDO A. VELAZQUEZ MENDOZA
C/O YALILA E. GUERRERO GUERRERO LAW GROUP LLC     4  00000561
440 LOUISIANA STREET STE 1550
HOUSTON, TX  77002

ı"ı||ı"||ıl|lı||lı||ı"ı||ı|lı"|ı||lı|ı"ı|llı||ıl|ı"ı||lı

**NAME AND MAILING ADDRESS**

---

The above case has been received by our office and is in process.  Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**.  If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

---

| | |
|---|---|
| **USCIS Office Address:**<br><br>USCIS<br>Nebraska Service Center<br>P.O. Box 82521<br>Lincoln, NE  68501-2521 | **USCIS Customer Service Number:**<br><br>(800)375-5283<br>ATTORNEY COPY<br> |

---

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.        Form I-797C  07/11/14  Y

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| **ASC Appointment Notice** | APPLICATION/PETITION/REQUEST NUMBER<br>IOE0904229916  -  IOE0904229917 | | NOTICE DATE<br>04/20/2018 |
|---|---|---|---|
| CASE TYPE<br>I821D - I765 | SOCIAL SECURITY NUMBER | USCIS A#<br>A204 333 331 | CODE<br>5 |
| ACCOUNT NUMBER<br>070328093587 | TCR | SERVICE CENTER<br>CSC | PAGE<br>1 of 1 |

ARMANDO ANDRES VELAZQUEZ MENDOZA
c/o YALILA ESTELA GUERRERO
GUERRERO LAW GROUP, LLC.
440 LOUISIANA STREET STE 1550
HOUSTON  TX  77002



To process your request, U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER (ASC) AT THE DATE AND TIME SPECIFIED.
IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR REQUEST WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER<br>USCIS HOUSTON NORTHWEST<br>13155 Northwest Freeway<br>Houston TX  77040 | PLEASE READ THIS ENTIRE NOTICE CAREFULLY.<br>DATE AND TIME OF APPOINTMENT<br>05/08/2018<br>10:00AM |
|---|---|

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
**1. THIS APPOINTMENT NOTICE** and
**2. PHOTO IDENTIFICATION.** Requestors must bring their Permanent Resident Card/Resident Alien Card, or a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, your biometrics may not be taken.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

**NOTE:** If the USCIS ASC is <u>closed</u> due to inclement weather or for other unforeseen circumstances, USCIS will <u>automatically reschedule</u> your appointment for the next available appointment date and mail you a notice with the new date and time.

**REQUEST FOR RESCHEDULING**

❑  **Please reschedule my appointment.**  Once USCIS receives your request, you will be sent a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to BPU, Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586

| APPLICATION NUMBER<br>I821D - IOE0904229916 | APPLICATION NUMBER 2<br>I765 - IOE0904229917 |
|---|---|
|  |  |

If you have any questions regarding this notice, please call 1-800-375-5283.

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

---

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.        Form I-797C  07/11/14  Y

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Receipt | | March 14, 2018 |
| CASE TYPE | | USCIS ALIEN NUMBER |
| I-765, Application for Employment Authorization | | A204333331 |
| RECEIPT NUMBER | RECEIVED DATE | PAGE |
| IOE0904229917 | March 09, 2018 | 1 of 1 |
| | | DATE OF BIRTH |
| | | October 02, 1993 |

ARMANDO A. VELAZQUEZ MENDOZA
C/O YALILA E. GUERRERO GUERRERO LAW GROUP LLC
440 LOUISIANA STREET STE 1550
HOUSTON, TX 77002

4 00000562

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $495.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $495.00 |
| Total Balance Due: | $0.00 |

**NAME AND MAILING ADDRESS**

**Eligibility Category: C33**

The above application/petition has been received by our office and is in process. Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes. Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

Next Steps:
- USCIS will schedule a biometrics appointment for you to have your biometrics electronically captured at a USCIS Application Support Center (ASC). You will be receiving a biometrics appointment notice by mail with the specific date, time, and place where you will have your fingerprints and/or photographs taken.
- You must wait to receive your biometrics appointment notice before going to the ASC for biometrics processing.
- This notice does not serve as your biometrics appointment notice.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov. If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

This notice, by itself, does not grant any immigration status or benefit, nor is it evidence that this case is still pending. However, if:
- You have timely filed to renew your current Form I-766 Employment Authorization Document (EAD); **and**
- Your EAD renewal is under a category that is eligible for an automatic 180-day extension (see www.uscis.gov/I-765 for a list of categories); **and**
- The Category on your current EAD matches the "Class Requested" listed on this Notice of Action; (Note: If you are a TPS beneficiary or applicant, your EAD and this Notice must contain either the A12 or C19 class, but they do not need to match each other.); **and**
- You do not receive your renewal EAD before your current EAD expires;,
- **then** this Notice of Action automatically extends the validity of your EAD for up to 180 days from the expiration date printed on the face of the card. If all of the above conditions apply with respect to your EAD renewal application, you may present this Notice of Action with your expired EAD to your employer for employment eligibility verification (Form I-9) purposes. If your renewal application is denied, the automatic extension immediately terminates, and you may not provide this Notice of Action with your expired EAD for Form I-9 purposes. If your EAD is a combo card, the automatic extension does not apply to advance parole. For more information, please visit our website at www.uscis.gov/I-765.

| **USCIS Office Address:** | **USCIS Customer Service Number:** |
|---|---|
| USCIS | (800)375-5283 |
| Nebraska Service Center | ATTORNEY COPY |
| P.O. Box 82521 | |
| Lincoln, NE 68501-2521 | |





If this is an interview or biometrics appointment notice, please see the back of this notice for important information.      Form I-797C 07/11/14 Y

7

# Exhibit 3



## CAUSE No. <u>14-300599 NUNC PRO TUNC</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN COUNTY COURT |
| | § | |
| V. | § | AT LAW 4 |
| | § | |
| <u>ARMANDO ANDRES VELAZQUEZ</u> | § | MONTGOMERY COUNTY, TEXAS |
| <u>MENDOZA</u> | § | |
| D.O.B.: <u>10/2/93</u> SEX/RACE.:<u>W/M</u> | § | |
| STATE ID No.: TX50554848 | § | |

## ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON. MARY ANN TURNER | Date Order Entered: | 3/16/2015 |
|---|---|---|---|
| Attorney for State: | L. HILL | Attorney for Defendant: | F. MITCHELL |

| Offense for which Defendant is Charged: |
|---|
| POM |

| Charging Instrument: | Date of Offense: |
|---|---|
| INFORMATION | 8/21/2014 |

| Degree of Offense: | Plea to Offense: |
|---|---|
| CLASS B MISDEMEANOR | GUILTY |

| Terms of Plea Bargain: |
|---|
| 500/CC/9 MO DEFERRED |

| Plea to 1ST Enhancement Paragraph: N/A | Plea to 1ST Enhancement Paragraph: N/A |
|---|---|
| Plea to 2ND Enhancement Paragraph: N/A | Plea to 2ND Enhancement Paragraph: N/A |

| Defendant's Texas Driver's License shall be suspended for a period of | NA | ☐ Drivers License Suspension to run concurrent and or be credited with ALR |
|---|---|---|

### ADJUDICATION OF GUILT DEFERRED; DEFENDANT PLACED ON COMMUNITY SUPERVISION.

### PERIOD OF COMMUNITY SUPERVISION: 9 MONTHS

| Fine: | Court Costs: | If All Monies not paid with in 30 days, add $25.00 to Court Costs | Court Appointed Attorneys Fees: |
|---|---|---|---|
| $ 500 | $ 302 | ☐ Warrant fees included | $ |

| Restitution: | Restitution Payable to: | ☐ VICTIM (see below) | ☐ AGENCY/AGENT (see below) |
|---|---|---|---|
| $ | | | |

☐ Fine ☐ Court Cost ☐ Court Appointed Attorneys fee ☐ Jail Time ☐ Drivers License Suspension ☐ All Like Terms of Community Supervision are to run concurrent with _____

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
|---|
| Time Credited: **ANY DAYS** NOTES: **TOWARD INCARCERATION** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Montgomery County, Texas. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates

Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

CAUSE NO.:14-300599 **NUNC PRO TUNC**

  The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

  The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

  The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

  <u>Punishment Options  (select one)</u>

☒ **Fine Payment:** The punishment assessed against Defendant is for a FINE . The Court ORDERS Defendant to proceed immediately to the Office of the Montgomery County **Collections Department**. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines, court costs, restitution, court appointed attorneys fees and any other fees as ordered by the Court in this cause.

☐ **Fine Payment and County Jail –Confinement:** The punishment assessed against Defendant is for a FINE PAYMENT AND COUNTY JAIL- CONFINEMENT. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Montgomery County, Texas on **the date the sentence is to commence**. Defendant shall be confined in the Montgomery County Jail for the period indicated above. The Court ORDERS that upon release from confinement, the Defendant shall proceed immediately to the Office of the **Montgomery County Collections Department**. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fine, court costs, restitution, court appointed attorneys fees, and any other fees as ordered by the Court in this cause.

<u>**Furthermore, the following special findings, orders or conditions apply:**</u>
<u>SEE ATTACHED CONDITIONS OF COMMUNITY SUPERVISION</u>

Signed and Entered this the <u>16</u> day of <u>3</u>, 2015

X               
JUDGE PRESIDING

X                            Right Thumbprint
Defendant Signature
Clerk: _____

CAUSE: 17-325585

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN COUNTY COURT |
| | § | |
| V. | § | AT LAW 5 |
| | § | |
| ARMANDO ANDRES VELAZQUEZ-MENDOZA | § | MONTGOMERY COUNTY, TEXAS |
| D.O.B.: 10/02/1993 SEX: MALE RACE.:WHITE | § | |
| STATE ID NO.: TX-50554848 | § | |

FILED FOR RECORD
2017 SEP 22 PM 1:55

## JUDGMENT OF CONVICTION BY COURT

| Judge Presiding: HON. JUDGE MARY ANN TURNER | Date Judgment Entered: September 22, 2017 |
|---|---|
| Attorney for State: JUSTIN FOWLES | Attorney for Defendant: GERARDO PEREIRA |

Offense for which Defendant Convicted:
**POSSESSION OF DRUG PARAPHERNELIA**

| Charging Instrument: **INFORMATION** | Date of Offense: **SEPTEMBER 13, 2017** |
|---|---|
| Degree of Offense: **CLASS C MISDEMEANOR** | Plea to Offense: **GUILTY** |

Terms of Plea Bargain:
**$ 500.00 /CC/ 0 DAYS Montgomery County Jail**

| Plea to 1st Enhancement Paragraph: N/A | Findings on 1st Enhancement Paragraph: N/A |
|---|---|
| Plea to 2ND Enhancement Paragraph: N/A | Findings on 2ND Enhancement Paragraph: N/A |
| Defendant's Texas Driver's License shall be suspended for a period of **N/A** | ☐ Drivers License Suspension to run concurrent and or be credited with ALR |
| Date Sentence Imposed: **September 22, 2017** | Date Sentence to Commence: **September 22, 2017** |

| Punishment and Place of Confinement: | **0 DAYS Montgomery County Jail** |
|---|---|

| Fine: **$ 500.00** | Court Costs: **$ 287.00** | If All Monies not paid with in 30 days, add $25.00 to Court Costs ☐ Warrant fees included | Court Appointed Attorneys Fees: $ |
|---|---|---|---|

| Restitution: $ | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|

☐ Fine ☐ Court Cost ☐ Court Appointed Attorneys fee ☐ Jail Time ☐ Drivers License Suspension are to run concurrent with

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| Time Credited: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. ~~ANY DAYS~~ NOTES: N/A *time served mat* |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Montgomery County, Texas**. The State appeared by her District Attorney.
**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **County Jail—Confinement / Confinement in Lieu of Payment:** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Montgomery County, Texas on the date the sentence is to commence. Defendant shall be confined in the Montgomery County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall have satisfied all conditions of this judgment and any monies owed from this sentence shall run concurrent with confinement.

☐ **Fine Only Payment:** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the **Montgomery County Collections Department**. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fine, court costs, restitution, and court appointed attorneys fees as ordered by the Court in this cause.

☐ **Fine Payment and County Jail –Confinement:** The punishment assessed against Defendant is for a FINE PAYMENT AND COUNTY JAIL- CONFINEMENT. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Montgomery County, Texas on **the date the sentence is to commence.** Defendant shall be confined in the Montgomery County Jail for the period indicated above. The Court ORDERS that upon release from confinement, the Defendant shall proceed immediately to the Office of the **Montgomery County Collections Department**. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fine, court costs and court appointed attorneys fees as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings, orders or conditions apply:**

_____

Signed and Entered on this the 22nd day of September, 2017

X _____
JUDGE PRESIDING

X _____
Defendant Signature

Right Thumbprint

FILED FOR RECORD
2017 SEP 22 PM 1: 25
MONTGOMERY COUNTY, TEXAS
COUNTY CLERK

Velazquez-Mendoza, Armando Andres 17-325585

*Exhibit 4*



*Secretary*

**U.S. Department of Homeland Security**
Washington, DC 20528

# Homeland Security

June 15, 2012

MEMORANDUM FOR:     David V. Aguilar
                    Acting Commissioner, U.S. Customs and Border Protection

                    Alejandro Mayorkas
                    Director, U.S. Citizenship and Immigration Services

                    John Morton
                    Director, U.S. Immigration and Customs Enforcement

FROM:               Janet Napolitano
                    Secretary of Homeland Security

SUBJECT:            Exercising Prosecutorial Discretion with Respect to Individuals
                    Who Came to the United States as Children

By this memorandum, I am setting forth how, in the exercise of our prosecutorial discretion, the Department of Homeland Security (DHS) should enforce the Nation's immigration laws against certain young people who were brought to this country as children and know only this country as home. As a general matter, these individuals lacked the intent to violate the law and our ongoing review of pending removal cases is already offering administrative closure to many of them. However, additional measures are necessary to ensure that our enforcement resources are not expended on these low priority cases but are instead appropriately focused on people who meet our enforcement priorities.

The following criteria should be satisfied before an individual is considered for an exercise of prosecutorial discretion pursuant to this memorandum:

- came to the United States under the age of sixteen;
- has continuously resided in the United States for a least five years preceding the date of this memorandum and is present in the United States on the date of this memorandum;
- is currently in school, has graduated from high school, has obtained a general education development certificate, or is an honorably discharged veteran of the Coast Guard or Armed Forces of the United States;
- has not been convicted of a felony offense, a significant misdemeanor offense, multiple misdemeanor offenses, or otherwise poses a threat to national security or public safety; and
- is not above the age of thirty.

Our Nation's immigration laws must be enforced in a strong and sensible manner. They are not designed to be blindly enforced without consideration given to the individual circumstances of each case. Nor are they designed to remove productive young people to countries where they may not have lived or even speak the language. Indeed, many of these young people have already contributed to our country in significant ways. Prosecutorial discretion, which is used in so many other areas, is especially justified here.

As part of this exercise of prosecutorial discretion, the above criteria are to be considered whether or not an individual is already in removal proceedings or subject to a final order of removal. No individual should receive deferred action under this memorandum unless they first pass a background check and requests for relief pursuant to this memorandum are to be decided on a case by case basis. DHS cannot provide any assurance that relief will be granted in all cases.

1. With respect to individuals who are encountered by U.S. Immigration and Customs Enforcement (IC 'E) U.S. Customs and Border Protection (CBP), or U.S. Citizenship and Immigration Services (USCIS):

- With respect to individuals who meet the above criteria, ICE and CBP should immediately exercise their discretion, on an individual basis, in order to prevent low priority individuals from being placed into removal proceedings or removed from the United States.
- USCIS is instructed to implement this memorandum consistent with its existing guidance regarding the issuance of notices to appear.

2. With respect to individuals who are **in** removal proceedings but not yet subject to a final order of removal, and who meet the above criteria:

- ICE should exercise prosecutorial discretion, on an individual basis, for individuals who meet the above criteria by deferring action for a period of two years, subject to renewal, in order to prevent low priority individuals from being removed from the United States.
- ICE is instructed to use its Office of the Public Advocate to permit individuals who believe they meet the above criteria to identify themselves through a clear and efficient process.
- ICE is directed to begin implementing this process within 60 days of the date of this memorandum.
- ICE is also instructed to immediately begin the process of deferring action against individuals who meet the above criteria whose cases have already been identified through the ongoing review of pending cases before the Executive Office for Immigration Review.

3. With respect to the individuals who are **not** currently in removal proceedings and meet the above criteria, and pass a background check:

- USCIS should establish a clear and efficient process for exercising prosecutorial discretion, on an individual basis, by deferring action against individuals who meet the

2

above criteria and are at least 15 years old, for a period of two years, subject to renewal, in order to prevent low priority individuals from being placed into removal proceedings or removed from the United States.

- The USCIS process shall also be available to individuals subject to a final order of removal regardless of their age.
- USCIS is directed to begin implementing this process within 60 days of the date of this memorandum.

For individuals who are granted deferred action by either ICE or USCIS, USCIS shall accept applications to determine whether these individuals qualify for work authorization during this period of deferred action.

This memorandum confers no substantive right, immigration status or pathway to citizenship. Only the Congress, acting through its legislative authority, can confer these rights. It remains for the executive branch, however, to set forth policy for the exercise of discretion within the framework of the existing law. I have done so here.

Janet Napolitano